J. BEN. WILSON & COMPANY, plaintiffs in error, *vs.* THE SPRAGUE MOWING MACHINE COMPANY, defendant in error.

(BLECKLEY, Judge, having been of counsel, did not preside in this case.)

1. A corporation, in an action on contract, need not set out in the declaration how, or by what authority, it was incorporated, nor aver itself to be a corporation.

2. If it were proper to do so, and the omission were defective, the defect would be amendable, and not good in arrest of judgment.

Corporations. Pleadings. Amendment. Arrest of judgment. Before Judge HOPKINS. Fulton Superior Court. April Term, 1875.

Reported in the opinion.

A. W. HAMMOND & SON, for plaintiffs in error.

L. J. GLENN & SON, for defendant.

JACKSON, Judge.

This suit is in the statutory form. The object of that statute, when first enacted, was to simplify pleading. Under it the Sprague Mowing Machine Company alleges that the defendants owe them on an account. The bill of particulars is annexed. No plea or demurrer or other defense was made. Judgment was rendered by the court for principal and interest on the account. A motion was made to arrest it. The court below overruled that motion, and this is the error complained of.

1. The gravamen of the motion is that nobody sues; there is no plaintiff, the Sprague Mowing Machine Company neither alleging that it is a partnership and setting out the names of the partners, nor that it is a corporation, and stating where chartered and by what authority it was here. It is said it shows on the declaration that it is neither a natural nor an artificial person, and therefore that no person sues, and the declaration is fatally defective. The declaration may be defective; but the authorities, at least such as we have examined, are to the effect that it is good. The cases of Harris *vs.* The Murkingen Manufacturing Company, 4 Blackford, 267; Richardson *vs.* St. Joseph Iron Company, 5 Blackford, 146; Hearton *vs.* The Cincinnati and Fort Wayne Railroad Company, 16 Indiana, 275; and the Bennington Iron Company *vs.* John Rutherford, Jr., 3 Har., 105–158, decide that

it is not necessary to aver that the plaintiff is a corporation. In the case last cited, from New Jersey, the court ruled that it is unnecessary even in the case of a *foreign* corporation; that a natural interpretation is to be given to pleading when it is susceptible of it, and that the name of the plaintiff imports that it is a corporation. And the judge delivering the opinion says that the plea of "*nul tiel* corporation" is the remedy of the defendant if he denies the existence of the corporation.

2. If, then, it is not necessary to aver that the plaintiff is a corporation, it follows that the motion to arrest the judgment is not good. Even if defective, it is amendable. Besides, it was right that judgment should go by default on this account, there being no plea or answer filed: Code, section 3457.

Judgment affirmed.