SAINT CECILIA'S ACADEMY vs. HARDIN.[*]

78  39
115  220

78  39
d122  775

1. Where the name of the plaintiff is such as to import a corporation, but there is no allegation that the plaintiff is a corporation, and a final judgment is rendered thereon, such judgment is not void, nor voidable, for the mere want of such allegation.

[*] BLANDFORD, J., being disqualified, Judge Richard H. Clark, of the Stone Mountain circuit, was appointed to preside in his stead.

2. A name which implies a religious, charitable or educational institution, or a financial, commercial or manufacturing organization, or other organization, which are the usual subjects of incorporation, imports a corporation, and of such the court will take judicial knowledge.

3. Where it is an established fact, by the pleadings and evidence, that the party to the action was, at the time of its filing, a corporation, and has so continued, a court of equity will give the judgment all the force and effect it would have had if such allegation had been made and proved, so far as the want of it may affect the judgment.

4. 55 *Ga.* 672, and 73 *Id.* 474, compared and construed.

February 22, 1887. (Head-notes by the court.)

Corporations. Judgments. Pleadings. Parties. Judicial Cognizance. Before Judge FAIN. Bartow Superior Court. January Adjourned Term, 1886.

Reported in the decision.

JOHN W. AKIN, for plaintiff in error.

GRAHAM & GRAHAM, for defendant.

CLARK, Judge.

An action at law was brought in Bartow superior court against Mark A. Hardin by the St. Cecilia's Academy, without alleging that the plaintiff was a corporation, to which defendant made no plea or other defence; and in this shape final judgment was rendered.  After this, when execution was issued on said judgment and levied on defendant's property, he tendered to the sheriff an affidavit of illegality, which the sheriff refused to receive.  This refusal of the sheriff is made the ground of equity jurisdiction, and the writ of injunction to restrain the collection of the *fi. fa.* was prayed.  The usual restraining order was granted, and the judge, on the hearing, granted the writ.  This action of the judge is the error complained of, and the only ground of illegality relied on was, that the judgment was void, because the St. Cecilia's Academy could not be a

natural person, and there was no allegation that it was a corporation ; and that, therefore, there was no party plain tiff, and for that reason the judgment was void, and the sheriff should have accepted the affidavit and suspended the levy.

1. It is now too well settled to require argument, that if the name of the party is such as to import a corporation, without other allegation, and proceeds to judgment in that shape, the judgment is not void. 55 *Ga.* 672. Whenever necessary before judgment, the allegation could be made by way of amendment on the plaintiff's own motion, or by the defendant's plea in proper form of no such corporation, which would require not only the amendment, but the proof of the existence of the corporation.

2. Whether the name imports a corporation, should, as a general rule, be left to judicial knowledge. If the name is manifestly religious, charitable or educational, or other similar beneficence for the public good, the usual subjects of incorporations, it should import a corporation. If it is a financial, commercial, manufacturing name, or other kindred purpose, the usual subjects of incorporation, such a name should import a corporation. There is a difference between such names and those indicating partnerships— joint contractors, or other natural persons not the usual subjects of incorporations. *Vide* authorities cited in the opinion. 55 *Ga.* 672.

3. The foregoing being the rule of adjudication in this class of questions, this case is relieved of all difficulty by the concession of the fact by complainant (the defendant in error here) that the St. Cecilia's Academy was a corporation at the institution of the suit, and has so continued up to this time. This concession renders this judgment not only not void, but not voidable, for if the complainant's proceeding had been in proper form and in due time, and contained, as it does, no other ground for setting aside the judgment, it would be valid in every essential respect. Equity follows the law, and he that seeks

equity must do equity, are among the fundamental rules of that branch of jurisprudence.

4. The counsel for defendant in error relied upon the case of *Barbour, administratrix, vs. Albany Lodge et al.*, 73 *Ga.* 474, and not without an apparent right. When that case is properly examined, it will be seen it was against the Albany Lodge No. 24, Free and Accepted Masons, and Albany Chapter No. 15, Royal Arch Masons, as though they were partners, or for some reason jointly liable, without any allegation to that effect. There was a demurrer to this, which was properly entertained by the court. To meet and overcome this demurrer, the plaintiff, pending the hearing, asked the court to require the defendants to file a list of all the names composing the lodges, which the court refused, thus adding to the original manifest purpose of suing the individual members of the lodges as partners, without making any amendment for that object. The plaintiff then offered an amendment, yet manifesting such purpose to make liable "the members of the lodge," in their individual copartnership capacity, and further changing the nature of her suit to a proceeding *in rem*, so as to condemn specific property. The suit was legally not against the lodges, as corporations, but against "the parties composing such lodges," without naming them. This warranted the court in saying "there was no person sued and no case was in court," as the declaration stood. Whether there was anything to amend by was immaterial, for there was no offer to cure the defect by any amendment to meet the exigency, whether it was amendable or not. All this occurred during the progress of the case and before any final judgment could be rendered. Taking the declaration as it was, and the purpose of the pleader as manifested throughout the proceedings, there was "nothing to amend by;" certainly no such amendment as he offered could avail.

In the case in 55 *Ga.* 672, the Sprague Mowing Machine Company sues Wilson & Co. without joining any other

person, natural or artificial, with them. Having made no defence of any sort after judgment was rendered, defendant moved in arrest of judgment, because there was no allegation of partnership or corporation, and therefore "nobody sued." Plaintiff sought to make liable only Wilson & Co., and the only question was, whether anybody sued as party plaintiff. The court determined that the name of the plaintiff imported a corporation, and that judgment could not be arrested, for the manifest reason that the alleged defect was amendable and the judgment cured such defect. The case now under consideration is exactly within the ruling of the case last cited, and the case referred to from 73 *Ga.* is not in conflict with it. Hence for that and the other reasons given, it follows that the circuit judge should not have granted the writ of injunction.

Judgment reversed.