## CRIBB vs. THE WAYCROSS LUMBER COMPANY.

Where the name of the party defendant imported a corporation, and a person was served with process as president of the defendant company and as president filed a plea of not indebted, it was too late, after verdict against the company, to take exception on the ground that the declaration did not allege that the defendant was a corporation.

82  597
115  220

82  597
123  186

March 22, 1889.

Pleadings. Corporations. Practice. Verdict. Before C. P. GOODYEAR, Esq., judge *pro hac vice.* Ware superior court. April term, 1888.

The official report is embodied in the decision.

S. W. HITCH, G. J. HOLTON & SON and LEON A. WILSON, by HARRISON & PEEPLES, for plaintiff.

J. L. SWEAT, by brief, for defendant.

SIMMONS, Justice.

The declaration filed by Cribb alleged " that the Waycross Lumber Co., of said county, is indebted to your petitioner in the sum of $500.00, upon a breach of contract." The breach of contract alleged is, that the Waycross Lumber Co. contracted with him for the building of seven miles of tram-road for it for the purpose of running trains thereon to haul logs to a steam saw-mill, the consideration of the contract being a certain sum per mile and the deed to it to the right of

way for the said road through petitioner's lands.   The petition alleged that after he had made deed to the right of way, engaged hands, etc., and had completed two miles of the road, the defendant took charge of the work and placed it in the hands of another contractor, etc., damaging petitioner $500.00,   Process is prayed against "the Waycross Lumber Co."   Service was made upon " Mr. George Waters, president of the Waycross Lumber Co."   The defendant filed a plea of not indebted, which was sworn to by "Geo. Waters, president of the Waycross Lumber Co."

A verdict was rendered for the plaintiff for $500.00, upon which judgment was entered April 6th, 1888.  At the same term at which verdict and judgment were had, defendant moved in arrest of judgment, and that the judgment be set aside on the following grounds :

(1) Because plaintiff has failed to allege in his declaration that the Waycross Lumber Co. is a corporation, copartnership or other person capable of being sued.

(2) Because no legal judgment can be entered upon said declaration, there being no person sued against whom said judgment could be enforced.   •

The prayer of the petition was granted, and the judgment and verdict arrested and set aside.   To this ruling the plaintiff excepted.

We think the court erred in setting aside the verdict in this case.   The name of the party defendant imported a corporation.   After verdict, it was too late to take exception upon the ground that the declaration did not allege that the defendant was a corporation.  If the defendant was not a corporation, this should have been taken advantage of before verdict, by plea.   Besides, Waters was served with process as president of said company, and as president filed pleas to the declaration.   This question was settled in the case of *St.*

*Cecilia's Academy vs. Hardin*, 78 *Ga.* 39. CLARK, Judge, in his opinion in that case, explains and distinguishes it from the case of *Barbour vs. Albany Lodge*, 73 *Ga.* 474, relied on by counsel for defendant in error.

Judgment reversed.