ALSOBROOK *v.* THE STATE.

1. The indictment, properly construed, did not charge two offenses, but·
simply an attempt to commit the offense defined in the Penal Code, § 520.

2. When, in an indictment for obstructing the track of a railway, owner-
ship of the track is laid in a name which imports a corporation, a pre-
sumption arises that it is a corporation, and it is not necessary, even as·
against a special demurrer, to allege the fact of incorporation.

3. "To make one criminal act evidence of another, a connection between.
them must have existed in the mind of the actor, linking them together
for some purpose he intended to accomplish; or it must be necessary to·
identify the person of the actor by a connection which shows that he·
who committed the one must have done the other."

4. The demurrers to the presentment were properly overruled; but the·
error committed in admitting evidence of other crimes with which the
accused did not appear to have been connected requires a reversal of the.
judgment.

Submitted July 16,—Decided July 27, 1906.

Indictment for attempt to obstruct railroad-track.    Before Judge·
Mitchell.    Berrien superior court.    June 1, 1906.

Alsobrook was placed upon trial on a presentment in which it

was charged that he did on a named day, "with force and arms, and unlawfully, willfully, and maliciously attempt to obstruct a railroad track of the Georgia Southern and Florida Railway Company near the 131 mile-post on said line of railway; the said Watson Alsobrook then and there seeking out and procuring a railroad cross-tie and carrying the same to said railroad track with the intent and purpose then and there in the darkness of the night to place said railroad cross-tie upon the railroad track in a manner to wreck a railroad train thereon, but was intercepted and prevented from so doing, contrary to the laws," etc. Demurrers both general and special were filed to the presentment, which were overruled, and the accused excepted. At the trial the jury rendered a verdict finding the accused guilty. He excepted to the judgment overruling his motion for a new trial.

*Hendricks, Smith & Christian* and *C. E. Parrish,* for plaintiff in error. *W. E. Thomas, solicitor-general,* contra.

Cobb, P. J. (After stating the foregoing facts.) 1. One ground of the demurrer was that the presentment contained two distinct offenses in one and the same count, one offense being an attempt to obstruct a railroad track, and the other being an attempt to wreck a railroad train. The Penal Code, § 520, provides that any person who "shall willfully and maliciously destroy or in any manner injure or obstruct, or shall willfully and maliciously cause, or aid, or assist, or counsel, or advise any other person to destroy, or in any manner injure or obstruct any railroad," shall be imprisoned in the penitentiary for a term not less than four years nor longer than eight years." The Penal Code, § 1040, provides, "If any person shall attempt to commit a crime, and in such attempt do any act towards the commission of such crime, but shall fail in the perpetration thereof, or shall be prevented or intercepted from the execution of the same," such person shall be punished, and then provides the punishment in such cases where there is no other provision for punishment in the Penal Code. The punishment provided for an attempt to commit a crime punishable by imprisonment in the penitentiary for not less than four years is declared to be not less than one year nor more than four years. The presentment in the present case was unquestionably intended to charge the offense of an attempt to commit the crime defined in section 520. Section 512 provides for the punishment of a person who shall

wreck or attempt to wreck a railroad train. While some of the language in the last paragraph of the presentment would be appropriate to an indictment under section 512, when the presentment is taken as a whole it is apparent that the pleader did not intend to prosecute for a violation of that section, but for an attempt to commit the offense, in violation of section 520. Hence the demurrer that there were two offenses charged in the indictment was without merit.

2. Another ground of the demurrer was that the presentment charged an attempt to obstruct the track of the Georgia Southern and Florida Railway Company, when there was no such company in Georgia. The words, "the Georgia, Southern and Florida Railway Company," import a corporation, and the allegations of the indictment were sufficient to show the ownership of the track attempted to be obstructed, without an averment that the company was a corporation. When the name of a person in a pleading is such as to import that the person is a corporation, there is a presumption to this effect, and this presumption prevails until the contrary is made to appear. *Maddox* v. *State,* 115 *Ga.* 219 (7), and cit. There was no error in overruling the demurrer to the indictment.

3. Evidence of the commission of a crime other than the one charged in the indictment is generally not admissible; but there are exceptions to this rule. Evidence of prior attempts by the accused to commit the same crime upon the victim of the offense for which he stands charged is admissible; or where other offenses committed by the accused tend to prove malice or motive or the like, evidence of other offenses is sometimes admitted. But in all cases where evidence as to the commission of other offenses is admitted, there must be a connection between them and the offense with which the accused is charged. "To make one criminal act evidence of another, a connection between them must have existed in the mind of the actor, . . or it must be necessary to identify the person of the actor by a connection which shows that he who committed the one must have done the other." *Cawthon* v. *State,* 119 *Ga.* 396, 408, and cit. Some of the evidence admitted in the present case, as to prior attempts to obstruct the track of the railway, did not connect the accused in any way with such prior attempts. This evidence was inadmissible and highly prejudicial to the accused.

4. The motion contains numerous grounds, but it is not necessary to deal more specifically with any of the other assignments of error. Any inaccuracies which may have crept into the charge will no doubt be corrected on another trial. The judge seems to have fallen into the error that the accused was indicted under section 520 of the Penal Code, and the punishment inflicted was the punishment declared in that section. The presentment, as was pointed out above, was really for an attempt to commit that offense; and if the accused is again convicted, he should be punished for an attempt to commit the offense, the maximum punishment for which is four years.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*