## 6607. Vaughn *v.* The State.

BROYLES, J. 1. Where, in an indictment for embezzlement, the name of the organization of which the accused was financial secretary imports a corporation, the presumption is that it is a corporation, and, in the absence of affirmative proof by the accused that no such corporation

existed, and where there is no allegation in the indictment that it was a corporation, it is not necessary for the State to prove the fact of incorporation. And where a final judgment has been rendered, the judgment is not void, nor voidable, for the mere want of such proof. *Mattox* v. *State*, 115 *Ga.* 212 (7), 221 (41 S. E. 709); *St. Cecilia's Academy* v. *Hardin*, 78 *Ga.* 39 (3 S. E. 305); *Western & Atlantic Railroad Co.* v. *Dalton Marble Works*, 122 *Ga.* 774, 776 (50 S. E. 978).

2. It was not error for the court to allow a member of the jury, at the request of the solicitor-general, to write down on a paper certain calculations furnished by the solicitor-general during his argument. As was held by the Supreme Court in *Lilly* v. *Griffin*, 71 *Ga.* 535 (1), "The jury may take notes of calculations submitted by either plaintiff or defendant, or of what is said or claimed by counsel for either side in argument. The jury can not be required to do this, but may do so, if it be not attended with delay or undue consumption of time." And in *Tift* v. *Towns*, 63 *Ga.* 238 (4), the Supreme Court said: "If it involves no delay or undue consumption of time, one or more of the jurors may, during the argument of counsel, make notes of what is said or what is claimed; and that this is done at the request of counsel, and whilst he reads from calculations which he has prepared, will make no difference. The counsel of each party is equally free to make such a request, and the members of the jury are all free to decline."

3. The court did not err in allowing in evidence a copy of a written demand, served upon the accused, for the return of the money which it was claimed he had embezzled.

4. The remaining assignments of error are without merit. The charge of the court was full, fair, and without error. The evidence supported the verdict, and the court did not err in overruling the motion for a new trial.                               *Judgment affirmed.*

DECIDED OCTOBER 7, 1915.

Indictment for embezzlement; from Morgan superior court—Judge Park. April 19, 1915.

*M. C. Few,* for plaintiff in error.

*J. E. Pottle, solicitor-general,* contra.