### 11619.   HAMMONTREE v. THE STATE.

BROYLES, C. J. 1. Where in an indictment for burglary the ownership of the place alleged to have been burglarized is laid in a name which imports a corporation, "the presumption is that it is a corporation, and, in the absence of affirmative proof by the accused that no such corporation existed, and where there is no allegation in the indictment that it was a corporation, it is not necessary for the State to prove the fact of incorporation. And where a final judgment has been rendered, a judgment is not void, nor voidable, for the mere want of such proof." *Vaughn* v. *State*, 17 *Ga. App.* 268 (1) (86 S. E. 461). Under this ruling the first special ground of the motion for a new trial is without merit.

2. The defendant's conviction was amply authorized by the evidence,

exclusive of the testimony of his accomplice. The court, therefore, in the absence of a timely and appropriate written request, did not err in failing to instruct the jury upon the law applicable to the weight to be given the testimony of an accomplice.

3. In the light of the facts of the case and of the charge as a whole, there is no substantial merit in any of the other assignments of error upon the charge of the court.

4 The verdict was amply authorized by the evidence, and it was not error to overrule the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MAY 15, 1920.

Indictment for burglary; from Whitfield superior court — Judge Tarver. May 15, 1920.

*George G. Glenn,* for plaintiff in error.

*Joseph M. Lang, solicitor-general,* contra.