## 12983. MOORE v. THE STATE.

1. The offense of selling mortgaged property, as defined in section 720 of the Penal Code (1910), was sufficiently charged in the indictment, and the court did not err in overruling the demurrer.
2. The indictment alleges that the accused " executed and delivered to Lee Trammell Company, a corporation," a mortgage on personalty. The name Lee Trammell Company imports a corporation, and it was not necessary to allege that it was a corporation; such an allegation is surplusage and need not be proved. " The admission of secondary evidence tending to prove such allegation is therefore harmless error, where the corporate entity has not been in issue." *Ager* v. *State*, 2 *Ga. App.* 158 (58 S. E. 374). Under this ruling the court did not err in allowing a witness to swear that the Lee Trammell Company was a corporation in 1918.
3. The mortgage offered in evidence was not inadmissible for any reason urged in ground 2 of the amendment to the motion for a new trial.
4. Grounds 3, 4, and 6 of the amendment to the motion for a new trial are not approved by the trial judge, and cannot be considered by this court.
5. " Grounds of a motion for a new trial should be complete within themselves; and when a particular ground is under consideration, reference to other grounds should not be required in order to understand the assignments of error." *Bowen* v. *Smith-Hall Grocery Co.*, 146 *Ga.* 157 (4) (91 S. E. 32); *Powell* v. *State*, 25 *Ga. App.* 329 (3) (103 S. E. 174). This ruling disposes of ground 5 of the amendment to the motion for a new trial.
6. There is evidence to support the verdict.

DECIDED DECEMBER 13, 1921.

Accusation of sale of mortgaged property; from city court of Madison — Judge Park presiding. September 14, 1921.

*W. T. Davidson, Callaway & DeJarnette,* for plaintiff in error.
*A. G. Foster, solicitor,* contra.

BLOODWORTH, J. The accused in this case was charged with a violation of § 720 of the Penal Code of 1910. The indictment set out every material element of the crime, — that a mortgage on personalty was given, and that the accused sold a part of the mortgaged property before the payment of the mortgage debt, with intent to defraud the mortgagee, and to its loss a certain sum. Section 954 of the Penal Code (1910) is in part as follows: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may be easily understood by the jury." Under this section, as construed by the appellate courts of this State, the niceties and technicalities required in indictments at common law have been largely swept away. The indictment followed substantially the language of the statute. In *Sloner* v. *State,* 5 *Ga. App.* 716 (63 S. E. 602), it was held: "An indictment for a purely statutory offense is sufficient which describes the offense in the language of the statute." In *Glover* v. *State,* 126 *Ga.* 594 (55 S. E. 596), the Supreme Court held that "an indictment which charges the offense defined by a legislative act in the language of the act, where the description of the acts alleged as constituting the offense is full enough to put the defendant on notice of the offense with which he is charged, is sufficiently specific." Moreover, the allegations in the indictment are sufficiently definite to meet all the requirements mentioned in *Wingard* v. *State,* 13 *Ga.* 396, 400, as to the objects in requiring particularity in setting out an offense against the criminal laws of the State.

The court did not err in overruling the demurrer to the indictment.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*