33388. King *v.* The State.

GARDNER, J. (a) Only two special grounds are argued here. The first complains of the admission of testimony of Charles Brumby Jr., the manager of Whitman's Laundry. The witness testified that he had received a report from the cashier that there was a discrepancy in money with which the defendant had been entrusted for a designated purpose beneficial to the owner. The questions propounded to the witness were: Q. "Did you receive a report from the cashier? A. Yes sir. Q. That there was some discrepancy? A. Yes sir." The defendant interposed an objection that such testimony was hearsay. The court overruled the objection made to the evidence, at the time stating: "Well, I will overrule that objection, but you will not consider the contents of that report as proof of the fact of the content at all, but merely to show why this man, the witness, did such things thereafter, if he acted on the report and you so find. All right." The record reveals that the defendant was the driver of a car of Whitman's Laundry Inc. His duties were carrying laundry and dry-cleaning between several of the

branches and the main plant and bringing reports or money to the plant from the branches. The witness Brumby stated that he received a report from the cashier as to the discrepancies in the money at about 12 o'clock, and immediately began to look for the defendant, and he could not find him, but located the car which the defendant was driving that day over near the bus station in the City of Atlanta, a considerable distance from the place of duty of the defendant. Code § 38-302 provides: "When, in a legal investigation, information . . and similar evidence are facts to explain conduct . . they shall be admitted in evidence, not as hearsay, but as original evidence." The provisions of this Code section are an exception to the general rule that hearsay evidence is inadmissible. . The cases relied on by counsel for the defendant, *Johns* v. *Johns*, 29 *Ga.* 718(1), and *Kelley Bros. Co.* v. *Globe Soap Co.*, 142 *Ga.* 246(1) (82 S. E. 662), are distinguished by their facts from the instant case, which involves an exception to the general rule regarding hearsay. The court did not err in overruling the motion for a new trial on this assignment of error. See, in this connection, *Forbes v. State*, 51 *Ga. App.* 465 (2) (180 S. E. 914); *Brandt* v. *State*, 71 *Ga. App.* 221(8) (30 S. E. 2d, 652).

(b) The second ground argues that the trial court erroneously admitted secondary evidence by the State, when the primary evidence should have been offered. The attorney for the State propounded to the witness Brumby a question as to whether Whitman's Laundry was a corporation. An objection was interposed to this question on the ground that the charter was the highest and best evidence, and that such charter could not be proven by parol evidence. The indictment charged that the money, $719.24, was entrusted to the defendant by Whitman's Laundry Inc. "Whitman's Laundry Inc." imports a corporation. The case relied on by counsel for the defendant, *Dawson Paper Shell Pecan Co.* v. *Montezuma Fertilizer Co.*, 19 *Ga. App.* 42, 43 (8) (90 S. E. 984), and Code § 32-218 do not sustain the contentions of the defendant. The issue here before us is controlled adversely to the defendant by *Hornsby* v. *State*, 49 *Ga. App.* 305 (175 S .E. 400), wherein this court held that "the allegation in the indictment that it was a corporation was surplusage and did not have to be proved, since the corporate entity of the company was not in issue upon the defendant's trial. *Ager* v. *State*, 2 *Ga. App.* 158 (58 S. E. 374); *Moore v. State*, 27 *Ga. App.* 781(2) (110 S. E. 55)." We particularly call attention to *Moore* v. *State*, 27 *Ga. App.* 781(2) cited in *Hornsby* v. *State*, supra. In the *Moore* case this court held: "The admission of secondary evidence tending to prove such allegation is, therefore, harmless error, where the corporate entity has not been in issue." In the instant case the corporate entity has not been in issue. See also *Crawford* v. *State*, 68 *Ga.* 822; *Mattox* v. *State*, 115 *Ga.* 212, 221 (41 S. E. 709). The court did not err in overruling the motion for a new trial.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*

DECIDED JANUARY 25, 1951.

*Harris, Henson, Spence & Gower*, for plaintiff in error.
*Paul Webb, Solicitor-General, Frank French, C. O. Murphy, William Hall*, contra.