35746. RAPTIS *v.* THE STATE.

DECIDED JULY 12, 1955.

*Al Jennings, James R. Venable,* for plaintiff in error.
*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Frank S. French, C. O. Murphy,* contra.

GARDNER, P. J. ■ The evidence was sufficient to authorize the jury to find that the defendant, on at least two occasions, intentionally drove the car against the doors of the storehouse belonging to the Atlantic Co., wherein valuable wares and merchandise were stored and kept. Counsel for the defendant contends that the State failed to prove intent to commit the

crime alleged. The Court of Appeals held in *Sellers* v. *State,* 81. *Ga. App.* 212 (58 S. E. 2d 262), that where one is charged with an attempt at burglary and the evidence shows that the storehouse contained valuable goods stored, but where no other motive appeared, the intent to steal may be inferred.

■ Special ground 1 contends that the State failed to prove the existence of the corporation alleged in the accusation and, therefore, the State failed to prove ownership in such corporation. This ground is without merit because "The Atlantic Company" connotes a corporation and it was unnecessary to allege or prove the corporate existence. See in this connection *Hornsby* v. *State,* 49 *Ga. App.* 305 (175 S. E. 400) and *King* v. *State,* 83 *Ga. App.* 175 (b) (63 S. E. 2d 292), wherein this court held the opposite to the contentions of the defendant. There is no merit in this contention.

■ Special ground 2 assigns error on the admission of certain evidence, as set out by the trial judge, in answering the writ of certiorari as set out in paragraphs 7, 8, and 9 of the writ. The trial judge, in his answer said: "Paragraphs 7, 8, and 9 set out assignments of error to which this respondent makes no response, but submits this case to this honorable court for its decision in the premises." The facts alleged in this ground, as set out in paragraphs 7, 8, and 9, and referred to by the trial judge as set out hereinabove, were really not approved or disapproved by the trial judge. Therefore, the material covered in paragraphs 7, 8, and 9 of the writ of certiorari are not before this court for review. In *Beavers* v. *Cassells,* 56 *Ga. App.* 146 (1) (192 S. E. 249), this court said: "The grounds of the assignments of error and recitals of fact in a petition for certiorari not affirmatively verified in the answer of the trial judge of the lower court can not be considered." It will be remembered that the car was properly identified, without benefit of the evidence as set out in paragraphs 7, 8, and 9 of the writ of certiorari. So far as we can determine, all of the evidence referred to in paragraphs 7, 8, 9 is set out in paragraph 3 of the writ of certiorari, which has the affirmative approval of the trial judge (and in addition thereto he attaches certain physical exhibits which are made a part of his answer to approving paragraph 3). In this regard, see also *Robertson* v. *Fowler,* 80 *Ga. App.* 248, 251 (55 S. E. 2d 862), and *Mons* v. *State,* 84 *Ga.*

488·

*App.* 340 (1) (66 S. E. 2d 159). The answer of the trial judge was not traversed. Under the pleadings and facts in this case, it is our opinion that without the affirmative approval of paragraphs 7, 8, and 9 of the writ of certiorari by the trial judge in his answer, this ground presents nothing for this court to pass upon.

The court did not err in overruling and dismissing the writ of certiorari for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*