## 43587. HILL v. THE STATE.

BELL, Presiding Judge. 1. In the indictment for burglary in this case the ownership of the place burglarized was laid in a name (McCrory Corporation) which imported a corporation. The presumption was that it was a corporation, and in the absence of affirmative proof by accused that no such corporation existed it was not necessary for the State to prove the fact of incorporation. See *Crawford v. State,* 68 Ga. 822; *Mattox v. State,* 115 Ga. 212, 221 (41 SE 709); *Alsobrook v. State,* 126 Ga. 100, 102 (54 SE 805); *Ager v. State,* 2 Ga. App. 158 (1) (58 SE 374); *Vaughn v. State,* 17 Ga. App. 268 (1) (86 SE 461); *Hammontree v. State,* 25 Ga. App. 544 (1) (103 SE 738); *Hornsby v. State,* 49 Ga. App. 305 (1) (175 SE 400); *King v. State,* 83 Ga. App. 175 (b) (63 SE2d 292);

*Raptis v. State,* 92 Ga. App. 485, 487 (2) (88 SE2d 731); *Bush v. State,* 117 Ga. App. 310 (3) (160 SE2d 456).

2. It was not error to admit testimony that the place burglarized was owned by McCrory Corporation over objection that "The corporate charter would certainly be the highest and best evidence."

*Judgment affirmed. Hall and Quillian, JJ., concur.*

SUBMITTED APRIL 2, 1968—DECIDED APRIL 12, 1968— REHEARING DENIED MAY 1, 1968—CERT. ▆▆▆▆▆▆

*Copland & Finley, Dan Copland,* for appellant.