S06G0006. WILLIAMS GENERAL CORPORATION v. STONE et al.
(632 SE2d 376)

MELTON, Justice.

This is the second appearance of this case before this Court. Appellant Williams General Corporation filed a civil suit against appellees Thomas Stone and Stone Cold Concerts, Inc. d/b/a Stone Cold Chemical, as well as Scott Zortman, seeking relief for alleged misappropriation of trade secrets, violation of the Georgia civil RICO Act, and conspiracy to commit RICO violations. Upon trial of the case, the trial court found Stone Cold Concerts and the corporation's president, Thomas Stone, liable for having conspired to commit a RICO violation. In *Williams General Corp. v. Stone,* 279 Ga. 428 (614 SE2d 758) (2005), we reversed the Court of Appeals' determination of the appropriate burden of proof applicable to a civil RICO violation. Upon return of the case to the Court of Appeals, see *Stone v. Williams General Corp.,* 275 Ga. App. 33 (619 SE2d 752) (2005), the Court of Appeals addressed appellees' final claim of error: "Whether a Racketeer Influenced and Corrupt Organizations (RICO) conspiracy can exist between a corporation and its officer." Reversing the judgment, the Court interpreted the statute so as to exclude corporations from direct liability for RICO violations. We granted certiorari to address the narrow issue of whether a corporation is considered a "person" under the Georgia civil RICO Act, OCGA § 16-14-1 et seq., and can thus be held directly liable for conspiring with its officers. Because the general definitions of "persons" found within the statute include "a public or private corporation" and there is nothing in the statutory language to require a more restrictive interpretation, we reverse the Court of Appeals and hold that a corporation is a "person" for purposes of the Georgia civil RICO Act.

1. The activities prohibited by the Georgia RICO Act apply to "any person." OCGA § 16-14-4. While the definitions for that Code section are set forth in OCGA § 16-14-3, the Act itself and the definition section in particular do not expressly address the interpretation of the term "person." Instead, the General Assembly set forth the desired application of the term in the definition section promulgated for use in the title which includes the Georgia RICO Act.

Specifically, OCGA § 16-1-3 (12) provides that a corporation falls within the meaning of "person" as the term:

> "person" means an individual, a public or private corporation, an incorporated association, government, government agency, partnership, or unincorporated association.

Similarly, the definition section of the entire Georgia Code notes that " 'person' includes a corporation." See OCGA § 1-3-3 (14). Unless the context in which a term is used clearly requires a different interpretation, legislatively defined words shall be given their specified meaning. See OCGA § 1-3-2.

Further, the General Assembly has expressly stated its intent that the Georgia RICO Act be "liberally construed" in order to effectuate its remedial purposes. OCGA § 16-14-2 (b). We find the language in the statute and the applicable definitions of "person" to be clear. If a different interpretation were called for, though, it would be error to give a more restrictive meaning to the term, thus limiting the remedial purposes of the Act and violating the liberal construction imperative of the legislature, as "the purpose of the RICO Act is to provide compensation to private persons injured or aggrieved by reason of any RICO violation." *Williams General Corp. v. Stone,* supra, 279 Ga. at 429.

Appellees argue for application of OCGA § 16-2-22 which addresses criminal responsibility for corporations. Specifically, OCGA § 16-2-22 (a) (1) allows for the prosecution of corporate defendants only if "[t]he crime is defined by a statute which clearly indicates a legislative purpose to impose liability on a corporation. . . ." Appellees contend that the Georgia RICO Act fails this test. However, to construe the statute in the manner proposed by appellees would mandate that OCGA § 16-2-22 and other criminal statutes that limit imposition of corporate criminal liability would now be applied to civil suits which stem from criminal law violations. We have not previously applied OCGA § 16-2-22 or any other criminal statutes to civil suits brought by individuals,[1] and we decline to do so here. Because OCGA § 16-2-22 does not pertain to civil suits brought under the

---

[1] See, e.g., OCGA § 7-3-29 (providing a private cause of action for violations of the Georgia Industrial Loan Act), OCGA § 16-8-86 (providing a private cause of action for violations of the Georgia Motor Vehicle Chop Shops and Stolen and Altered Property Act), OCGA § 16-9-93 (g) (providing a private cause of action for violations of the Georgia Computer Systems Protection Act), and OCGA § 10-5B-6 (b) (providing a private cause of action for violations of the Georgia Telemarketing Act).

Georgia civil RICO Act, we need not go so far as to answer the question of whether the Act would meet the requirements of OCGA § 16-2-22 (a).

We accordingly reverse the Court of Appeals holding that "person" does not include a corporation. Furthermore, in reaching its conclusion, the Court of Appeals relied heavily on language contained in footnote 11 of *Clark v. Security Life Ins. Co.*, 270 Ga. 165 (2), n. 11 (509 SE2d 602) (1998) that:

> A corporation may also face prosecution under OCGA § 16-2-22 (a) (1). . . . RICO, however, is not such a statute because OCGA § 16-4-4 [sic] prohibits only "persons" from engaging in racketeering activity.

This language, whether considered dicta or, as appellees argue, part of the holding in *Clark*, adds confusion to a straightforward interpretation of the RICO statute. In accordance with our holding and in an effort to further clarify OCGA § 16-14-1 et seq., we hereby disapprove the language in footnote 11 relied upon by the Court of Appeals.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 12, 2006.

*Bondurant, Mixson & Elmore, John E. Floyd, Benjamin E. Fox, Andrew, Merritt, Reilly & Smith, Paul E. Andrew*, for appellant.
*Dwyer & White, William W. White*, for appellees.