## WATKINS *vs.* THE STATE OF GEORGIA.

1. Where it was discovered, after the jury had been impaneled and the defendant arraigned, but before any evidence had been introduced, that two of the jurors had been on the grand jury which found the indictment, it was proper to discharge that jury and impanel another.
2. Such a proceeding does not put the defendant in jeopardy within the meaning of the constitution, so as to prevent a trial afterwards.
3. Newly discovered evidence is not ground for new trial where it appears that by the use of proper diligence it could have been had before.·
4. There is sufficient evidence to support the verdict.

Criminal law. Constitutional law. ·Practice in the Superior Court. New trial. Before Judge HALL. Rockdale Superior Court. October Adjourned Term, 1877.

Watkins was indicted for carrying concealed weapons. On the trial, after the jury had been impaneled and the prisoner arraigned, and while the solicitor general was reading the indictment, it was discovered that two of the jurors had been members of the grand jury which found the bill. The court thereupon discharged the entire jury and had another impaneled. There was a mistrial. At a subsequent term, defendant pleaded that he had already been placed in jeopardy for the same offense. This was tried, by consent, together with the general issue. The jury found defendant guilty. · He moved for a new trial, among other things, because the verdict was contrary to law and evidence, and because of newly discovered evidence tending to show an *alibi* by reason of sickness, and to contradict one of the state's chief witnesses. (It appears from the judge's note to the motion for new trial, that the state's witness had given the same evidence at the time of the mistrial.)

The motion was overruled, and defendant excepted.

A. C. McCalla; J. W. Pruett, for plaintiff in error, cited (on former jeopardy), Code, §5000; 55 *Ga.*, 521, 625; (discharging jury), 55 *Ga.*, 288; 59 *Ib.*, 707; 40 *Ib.*, 253; 57 *Ib.*, 329, 609; 53 *Ib.*, 428, 602; 8 *Ib.*, 173; 23 *Ib.*, 493; 34 *Ib.*, 323; 49 *Ib.*, 103.

F. D. Dismuke, solicitor general, by James S. Boynton, for the state, cited 9 *Ga.*, 413.

Warner, Chief Justice.

The defendant was indicted for the offense of carrying upon his person a pistol concealed, and upon his trial therefor, was found guilty. A motion was made for a new trial on the several grounds therein set forth, which was overruled, and the defendant excepted. The defendant filed a plea that he had been put in jeopardy on a former trial for the same offense on the same indictment, and was therefore, entitled to an acquittal.

It appears from the evidence in the record, that at a former term of the court, at which a mistrial was had in the case, a jury was selected for the trial of the defendant, but whether sworn or not the evidence is conflicting; that the defendant had been arraigned, and the solicitor general was reading the indictment to the jury when it was discovered that two of the jurors had been on the grand jury that found the bill of indictment against the defendant; that the court discharged that jury, and impaneled another jury over defendant's objections. This was done before any evidence had been submitted to the jury by the prosecuting officer for the state. It does not appear that the disqualification of the jurors was known to either party until the indictment was being read, as before stated.

1, 2. According to the interpretation given to the 4681st section of the Code by this court, in *Jackson vs. The State*, 51 *Ga.*, 402, there would have been no error in withdrawing the two disqualified jurors and substituting two others in their places who were not disqualified, or, as was done in this case, withdrawing the whole panel and furnishing the

defendant with another unobjectionable panel, and therefore the defendant was not put in jeopardy in contemplation of the law; and that being so, the question whether the jury was sworn or not—sworn when the two disqualified jurors were discovered—was an immaterial and irrelevant question.

3. As to the newly discovered evidence, defendant knew what Aycock had sworn at the previous term of the court when there was a mistrial, and if he was sick at the time testified to by Aycock, he knew that fact, and also must have known by whom he could have proved his sickness, by the exercise of proper diligence.

4. There is sufficient evidence in the record to support the verdict, and there was no error in overruling the motion for a new trial.

Let the judgment of the court below be affirmed.