## WILLIAMS v. THE STATE.

According to the principle ruled in *Carter* v. *The State*, 68 *Ga*. 826, and *Stringfield* v. *The State*, 25 *Ga*. 474, an indictment founded on the general local option liquor law of September 18, 1885, which charges that the accused unlawfully and for a valuable consideration did directly sell a quantity of intoxicating liquors, contrary to the laws of the State, etc., is sufficient without specifying the kind or quantity sold, the price, or the name of the purchaser. Nor is it necessary for the indictment to negative any of the exceptions contained in the statute, such exceptions not being inserted in the enacting clause which defines and describes the offence.                                              *Judgment affirmed.*

July 4, 1892.

Criminal law.  Indictment.  Liquor.  Before Judge ROBERTS. Pulaski superior court. November term, 1891.

Indictment for selling intoxicating liquor, alleging that the defendant on July 12, 1891, in the county of Pulaski, for a valuable consideration did directly sell a quantity of intoxicating liquor.  The defendant's demurrer was overruled, and he excepted.  Among the grounds of demurrer were, that no offence is charged ; that it is not alleged to whom the liquor was sold ; that the kind of intoxicating liquor is not alleged ; and that "the indictment does not bring the defendant

within the exceptions made under the general local option act."

MARTIN & SMITH, for plaintiff in error.

TOM EASON, solicitor-general, by HINES, SHUBRICK & FELDER, *contra.*