### 7148. NOWELL v. THE STATE.

RUSSELL, C. J. 1. The insistence that the charge of the court in a criminal case is argumentative, and that the court omitted to present the contentions of the defendant therein, is not sustained merely because the law, correctly stated by the court, is adverse to the hypothesis of the defendant's innocence.

2. In view of what is stated in the explanatory note of the trial judge, it was not error to overrule the motion for a mistrial, based upon the premature exhibition of three sacks containing intoxicating liquor, which were afterwards tendered in evidence.

3. Under the ruling of the Supreme Court in *Calhoun* v. *State,* 144 *Ga.* 679 (87 S. E. 893), s. c. 17 *Ga. App.* 705, the manner in which evidence is obtained does not affect its probative value.

4. Under the ruling of the majority of the court in *Cohen* v. *State,* 7 *Ga. App.* 5 (65 S. E. 1096), one who intentionally carries whisky to his place of business and keeps it there for any length of time, no matter

for what reason or for what purpose, may be convicted of the offense of keeping intoxicating liquors on hand at his place of business.

5. It appears, from the explanatory note of the trial judge, that the defendant's counsel was absent of his own motion, and without the permission of the court, at the time that the jury returned to the courtroom after having agreed upon their verdict, and that the verdict was not received by the court until five minutes had elapsed after the jury had returned into court and had seated themselves in the jury-box. The absence of the defendant's counsel under these circumstances affords no ground for complaining that the action of the court in receiving the verdict is violative of paragraph 4, of section 1, of article 1 of the constitution, which provides that "No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of the State, in person, by attorney, or both." (Civil Code, § 6360.)

6. The evidence authorized the verdict, and it was not error to overrule the motion for a new trial.                    *Judgment affirmed.*

DECIDED MAY 19, 1916.

Accusation of misdemeanor; from Miller superior court—Judge Worrill.    November 20, 1915.

*B. B. Bush,* for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold,* contra.