### 12446.   Frazier *v.* The State.

Bloodworth, J.   The motion for a new trial in this case contains no special ground. There was direct evidence of the guilt of the accused, and the trial judge approved the verdict. Indeed the statement of the defendant was practically a confession of his guilt.

(a) In the absence of evidence to the contrary, it may be inferred that a liquor called for and delivered and paid for as whisky is whisky, and therefore intoxicating liquor. *Jenkins* v. *State*, 24 *Ga. App.* 542 (101 S. E. 691), and cases cited.

(b) Under the present prohibition laws of this State, the accused would be guilty, under an indictment for having and possessing intoxicating liquors, if he knowingly has in his possession any quantity thereof, even a spoonful. *Lacount* v. *State*, 25 *Ga. App.* 767 (104 S. E. 920). See *Biddy* v. *State*, 22 *Ga. App.* 784 (97 S. E. 196).

　　　　*Judgment affirmed.　Broyles, C. J., and Luke, J., concur.*
　　　　　　　　　DECIDED JUNE 30, 1921.

Indictment for possessing intoxicating liquor; from Cobb superior court — Judge Blair. April 9, 1921.

*John T. Dorsey, H. B. Moss,* for plaintiff in error.

*John S. Wood, solicitor-general, Lindley W. Camp,* contra.