### 14236. MOORE v. THE STATE.

BROYLES, C. J. 1. The indictment was not subject to any ground of the demurrer.

2. Neither excerpt from the charge of the court, complained of in the amendment to the motion for a new trial, was error.

3. The indictment alleged that the accused embezzled a certain amount of money belonging to the " Atlanta Mutual Insurance Company, a corporation." The name " Atlanta Mutual Insurance Company " imports a corporation, and the allegation that the company was a corporation was surplusage, and it was not necessary for the State to prove it. *Crawford* v. *State*, 6£ *Ga.* 822, and authorities cited; *Moore* v. *State*, 27 *Ga. App.* 781 (2) (110 S. E. 55).

4. The verdict was amply authorized, if not demanded, by the evidence, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 10, 1923.

Indictment for embezzlement; from Cobb superior court — Judge Blair. December 16, 1922.

The indictment charged embezzlement, in that the defendant, being the agent and employee of the Atlanta Mutual Insurance Company, a corporation organized under the laws of the State of Georgia, and, as such agent and employee, being in possession of $106.91 belonging to the said company, and, as such agent and employee and by virtue of his employment and agency, being charged with the possession, safety, and care of the said sum of money which came into his possession by virtue of his agency and employment as such agent and employee, did embezzle, steal, secrete, and fraudulently take and carry away said sum of money with intent to steal the same.

The demurrer was on the grounds: (1) The indictment fails to charge any crime under the laws of this State. (2) It alleges the rightful possession of the funds to have been in the defendant. No demand by any authorized person or officer is alleged, and there is no reason alleged why the defendant should not still be in charge and possession of the funds. (3) No demand by any person even claiming to have authority to receive the said funds is alleged.

In the motion for a new trial error is assigned on an instruction to the jury to the same purport as the ruling stated in paragraph 3 of the foregoing decision. In the other instructions complained of the court stated that it was insisted that after the defendant

had collected the money belonging to the insurance company, a representative of the company "came here" for the purpose of checking him up and collecting, and made a demand on him for the amount of funds that he owed the company, and which the prosecution insisted came into his hands by virtue of his employment and agency for the company "in this section," and that he failed and refused to pay the same to the representative of the company; and after stating these contentions the court charged, that if the prosecution had shown these things as alleged in the indictment,— that he had collected money belonging to the insurance company, and that "demand was made upon him here in this county, that he failed to account for it — failed to pay it over when demand was made upon him for it,— he would be violating the law and would be guilty under the law in this county." It was alleged that this part of the charge was error because, if a crime was committed at all, it was complete before any demand was made, and that the superior court of Cobb county had no jurisdiction of the case; that the evidence did not warrant the charge; and that jurisdiction, if anywhere, was in Fulton county and not in Cobb. county.

*Mozley & Gann, H. B. Moss,* for plaintiff in error.