STATE *v.* WILLIAM BELL.

(*April* 25, 1928.)

HARRINGTON and RICHARDS, J. J., sitting.

*Earle D. Willey,* Deputy Attorney-General, for the State.
*Arley B. Magee* for defendant.

Court of General Sessions for Kent County, April Term, 1928. No. 11, April Term, 1928, for the unlawful sale of intoxicating liquor.

RICHARDS, J.: We are unable to instruct the jury to find a verdict for the defendant, because:

1. While the statute, in effect, provides that liquors containing a certain quantity of alcohol shall be deemed to be intoxicating and within the prohibition of the statute, that is not the only way that the intoxicating character of liquor may be shown (*Underhill's Criminal Evidence*, 977; 36 *A. L. R.* 726, 728; *State v. Dennison*, 85 *W. Va.* 261, 101 *S. E.* 458) and the fact that it made Beiter drunk would justify the jury in finding that the liquor, which the prosecuting witnesses claimed that they· bought from Bell, was intoxicating.

■ 2. There is evidence in the record that the liquor purchased by the prosecuting witnesses from Bell was whisky and the court will, therefore, take judicial notice of the fact that it was intoxicating, and that the jury might so find without any specific proof to that effect. *Garboctowski v. State,* 2 *W. W. Harr.* (*32 Del.*) 386, 123 *A.* 395; *Frazier v. State,* 27 *Ga. App.* 261, 107 *S. E.* 896; *Underhill's Criminal Evidence,* § 977.

The evidence for the defense was then heard, and the court subsequently submitted the case to the jury.

Verdict not guilty.