# Neal v. Commonwealth.

(Decided September 26, 1930.)

A. F. BYRD for appellant.

J. W. CAMMACK, Attorney General, and JOHN P. CUSICK, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Sarah Ann Neal has appealed from a judgment imposing upon her one year's confinement in the penitentiary for a recidivistic violation of the prohibition law.

Her first conviction on November 21, 1925, for a violation committed a day or so previous was duly charged and established. Her contention here is there is not sufficient competent and admissible evidence to sustain the second conviction.

The evidence establishes Mrs. Neal has a bad general reputation for bootlegging and violating the prohibition law, and on this and evidence of the discovery, by searching posse, of a bottle in her home, which is alleged to have contained a small quantity of whisky, her conviction was had. At the trial this bottle was put in evidence, but it then contained nothing.

It is seriously contended a peremptory instruction, to find the defendant not guilty, should have been given because the quantum of discovered whisky was negligible, so appellant claims. This is by no means a settled question. See U. S. v. Mulkis (D. C.) 39 F. (2d) 664; State v. Pigg, 312 Mo. 212, 278 S. W. 1030; State v. Jones, 114 Wash. 144, 194 P. 585; Frazier v. State, 27 Ga. App. 261, 107 S. E. 896.

We shall leave that question as we find it, for the evidence concerning this whisky was not admissible anyway, since the search warrant was issued upon an insuffi-

cient affidavit. This searching posse, in addition to this search warrant, had a warrant for the arrest of Sam Haney, a man who had a room rented from Mrs. Neal, and it is contended this latter warrant gave them a right to search Mrs. Neal's premises to find Haney. We express no opinion on that, but this whiskey was found in a small covered market basket, so, if it be conceded the posse had a right to search for Haney, they certainly knew he was not in this market basket, and when they raised the cover of it and peered within they were clearly acting in excess of their authority, and the court erred in admitting evidence of what they found.

The judgment is reversed.