22272. HERBERT *v.* THE STATE.

DECIDED JUNE 14, 1932.

*E. H. George,* for plaintiff in error.

*Claude C. Smith, solicitor-general,* contra.

LUKE, J. John Herbert was indicted for possessing intoxicating liquor, and was convicted.

The substance of the State's evidence is that on March 16, 1931, in Newton county, Georgia, the defendant was seen about one hundred yards from a "running" still; that when the defendant saw that the still was being raided he sought to escape, and an officer ran him down and caught him; and that upon being apprehended he handed the officer a quart of whisky, and said he "surely did hate it." The substance of the defendant's statement to the jury was that his sister, Mrs. George Cochran, requested him to get whisky for her tubercular husband, for whom Dr. W. C. McGeary had prescribed whisky, and that he had the quart of whisky to take to Mr. George Cochran.

Dr. McGeary undertook to testify that he prescribed whisky for Mr. George Cochran, and that he "presumed he was taking that treatment on the 16th day of March, last year." The court held that the testimony of Dr. McGeary and Mrs. George Cochran was irrelevant, and refused to let it go to the jury, and in each instance the defendant assigned error. The ultimate question in the case is whether or not said testimony presents a valid defense to the charge in the indictment. If so, the testimony should have been admitted for the consideration of the jury. If not, the court properly ruled it out.

To sustain his contentions that a statute must have a reasonable construction, that criminal intent is an essential ingredient of a crime, and that the question of intent rests finally with the jury, counsel for plaintiff in error cites authorities covering a wide range, extending from the Bolognian law to the case of *Graham* v. *State,* 150 *Ga.* 411 (104 S. E. 248). Counsel cites also the case of *Harris* v. *State,* 15 *Ga. App.* 315 (85 S. E. 813), where it was held that a man, upon a sudden emergency necessitating the protection of his family, his property, or his person, could momentarily have a pistol in his manual possession without violating the law against carrying a pistol without first procuring a license. The decision in *Cosper* v. *State,* 13 *Ga. App.* 301 (4) (79 S. E. 94), rules that

"One who finds a pistol on a public road, and carries it to his home solely for the purpose of safe-keeping until it is called for by its owner, is not guilty of a violation of the act prohibiting the carrying of a pistol without a license." In *Jackson* v. *State, 12 Ga. App.* 427 (2) (77 S. E. 371), this court held: "The statute in question was not intended to prevent the manual possession of a pistol for such length of time as is necessary to examine it with a view to its purchase, nor to penalize the act of one who, having the pistol in his hand for no other purpose than that of examination, might be temporarily called aside by some one wishing to speak to him . ."

With the exception of section 31 of the Penal Code (1910), we have adverted to every authority cited by counsel for plaintiff in error. That well known section reads as follows: "A crime or misdemeanor shall consist in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention, or criminal negligence." Of course the surgeon who bled a man who suddenly fell down on the street with a fit did not violate the famous Bolognian law that "whoever drew blood in the streets should be punished with the utmost severity;" and, without doubt, that case splendidly illustrates the rule that a law must not be so construed as to work a palpable absurdity. The holding in the *Graham* case, supra, that a man who takes whisky from the hand of another merely for the purpose of drinking it does not violate the prohibition law, has been frequently cited in behalf of defendants accused of illegally possessing whisky. Justice George, who wrote the decision in the *Graham* case, wrote also in *Mitchell* v. *State, 20 Ga. App.* 778 (93 S. E. 709), and a consideration of the latter case may throw some reflected light upon the question of intent in the case at bar. "Bob Mitchell was tried and convicted on an accusation which charged that he did . . unlawfully receive and accept delivery of, and possess and have in his possession at one time and in a period of thirty consecutive days, more than two quarts of whisky." Mitchell "contended that under an agreement with J. C. Tyrus, who sometimes acted as a deputy sheriff, he brought the whisky from the State of Florida into the county, for the purpose of delivering it to residents of the county who were engaged in violating the prohibtion law, and then reporting to Tyrus the names of those to whom he had delivered it, in

order that they might be arrested." Mitchell's contention was substantiated by the testimony of the person mentioned by him. It was insisted that intention to violate the law was wholly rebutted by the evidence in the record. After quoting section 31 of the Penal Code, headnote 2 of that decision concludes as follows: "Criminal intent is a necessary element in the commission of any of the offenses made penal by the prohibition act of 1915; but criminal intent in such connection is simply the intention to do the act which the legislature has prohibited." In the body of the opinion, page 780, the court said: "The defendant intended to commit the act which the law prohibits." The judgment was affirmed. In *Nowell* v. *State,* 18 *Ga. App.* 143 (4) (88 S. E. 909), this court held that "one who intentionally carries whisky to his place of business and keeps it there for a length of time, no matter for what reason or for what purpose, may be convicted of the offense of keeping intoxicating liquors on hand at his place of business." In *Brantley* v. *State,* 28 *Ga. App.* 536 (112 S. E. 170), where the defendant was tried for possessing intoxicating liquor, this court said: "While intent is an element of the crime of which the accused is charged, 'intent' in such connection is simply the intent to do the act which is prohibited by law. The question is, did the defendant knowingly commit an act prohibited by law?" In *Frazier* v. *State,* 27 *Ga. App.* 261 (1-*b*) (107 S. E. 896), this court held: "Under the present prohibition laws of this State, the accused would be guilty, under an indictment for having and possessing intoxicating liquors, if he knowingly has in his possession any quantity thereof, even a spoonful." In this connection, the court cites *Lacount* v. *State,* 25 *Ga. App.* 767 (104 S. E. 920), and *Biddy* v. *State,* 22 *Ga. App.* 784 (97 S. E. 196). In *Tuten* v. *State,* 36 *Ga. App.* 662 (137 S. E. 853), the court, "in view of the particular facts of this case," held that the judge did not err in charging as follows: "If, however, you should find from the facts and evidence in the case, that the defendant did pick up the whisky, that he did take the whisky into his possession, custody, and control, took it under such possession and control as to pass it on to another, although the other party only took possession of it for the purpose of taking a drink, I charge you that the party who took the whisky into his possession for the purpose of passing it on to another, if you find that to be the facts in this case, then under the law you will be authorized to find the defendant guilty."

When counsel presented a hypothetical case where the bishop of Georgia was put in the defendant's shoes, the writer of this opinion was impressed; but when he went further and supposed a case where a judge of this court became enmeshed in a net similar to the one in which the defendant finds himself, he was startled, and was galvanized into a most painstaking study of the law. The result of that study is that the writer leans powerfully towards counsel's viewpoint, but that his approach to it is completely blocked by the law.

The brief of counsel for the plaintiff in error is thorough, instructive, and interesting, but he nowhere cites any authority which, in our opinion, sustains his contention that where, as in this case, a defendant procures whisky for a sick person who is sorely in need of it, and for whom a doctor has prescribed it, he violates no law. As applied to the prohibition law, criminal intent "is simply the intention to do the act which the legislature has prohibited." "The defendant intended to commit the act which the law prohibits," and is unquestionably guilty. The rejected testimony was no legal defense to the charge in the indictment. We agree with the trial judge that the said testimony was irrelevant, and hold that he properly overruled the only two special grounds of the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*