## 23857. SMITH *v.* WOLF.

DECIDED OCTOBER 26, 1934.

W. E. *Mann,* W. G. *Mann,* L. T. *Mann,* for plaintiff.
J. A. *McFarland,* for defendant.

BROYLES, C. J.   George Smith brought suit for damages against W. D. Wolf, alleging that he contracted to purchase from the defendant certain lands for $1400; that of this amount he had paid $454, had set out fruit trees and made other improvements of the value of $25; had paid taxes amounting to $32; and that the defendant rescinded the contract and took possession of the property. He prayed judgment for $511. The defendant answered, denying any indebtedness and alleging that the contract of sale was rescinded by the plaintiff, who voluntarily abandoned the land; that the amount due defendant for reasonable rent and use of the land and interest on the purchase-price is more than the amount plaintiff had paid the defendant; and that "defendant has always been and is still ready to convey said land to the plaintiff upon payment of the balance of the purchase-price of $1400 and interest due de-

fendant." The jury returned a verdict in favor of the defendant and the plaintiff excepted to the refusal to grant a new trial.

Upon the trial the defendant testified that the plaintiff voluntarily abandoned the property after paying only one seventh of the purchase-price, and without paying taxes which were due or the interest on the purchase-price; that he did not tell the plaintiff to leave the place or that he could not come back; that he did not rescind the contract, and that he had always been and was still willing to make the plaintiff a deed to the property on the payment of the principal and interest due under the contract of sale. If the plaintiff did rescind the contract and the defendant thereafter retook the property without legal procedure, the plaintiff was entitled to recover his partial payments and compensation for any improvements he may have made, less "any damages occasioned by his breach and the fair rental value of the land during the time it was held in possession under the agreement." *Lytle* v. *Scottish American Mortgage Co.*, 122 *Ga.* 458 (11) (50 S. E. 402); *Couch* v. *Crane*, 142 *Ga.* 22, 28 (82 S. E. 459). The jury were authorized to find from the evidence adduced that the plaintiff had rescinded the contract, and that the amount of his partial payments plus the value of his improvements on the land was less than the reasonable rental value of the property during the time it was held by the plaintiff under the contract. It follows that the general grounds of the motion for a new trial are without merit.

We have carefully considered the special grounds of the motion for a new trial (alleging error in the judge's charge and in his refusal to give certain requested charges), and find no reversible error therein. The court properly charged the jury that the doctrine of restitution has no application where one party has acquired nothing which the other party is entitled to have restored, and that if the defendant has not rescinded the contract but holds the property for the plaintiff, and is ready to deliver it to him upon his completing the contract, there can be no recovery for the plaintiff. Certainly if there is no rescission, there should be no restitution. While, of course, the judge should charge the principles of law applicable to the case, he is not compelled to adopt the precise language of counsel contained in the request, if the charge given sufficiently covers the principles of law involved.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*