33006. BALARK *v.* STATE.
33007. FRAZIER *v.* STATE.
33008. ROWE *v.* STATE.
33009. WHITE *v.* STATE.

DECIDED MAY 9, 1950. REHEARING DENIED MAY 30, 1950.

*Hennessy & Hennessy*, for plaintiffs in error.

*Andrew J. Ryan Jr., Solicitor-General, Sylvan A. Garfunkel, Herman W. Coolidge*, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ ■ Special grounds 6-16 inclusive of the amended motions for new trials deal with the failure of the trial court to give certain charges to the jury as presented by timely written request, and ground 17 assigns error on the failure to give the whole in charge as requested on the ground that the court followed a pattern of ignoring all requests adjusted to the evidence and chose to charge only abstract principles of law, to the confusion of the jury. Special ground 6 complains of the refusal to give the following request in charge: "If you shall find that the defendants had been fishing in the sea and in the outside waters and merely went into the inside waters to turn around and not primarily to fish in the inside waters, then considering all such circumstances it may be within your province to find that the defendants had no intention of fishing in the inside waters and in the event that you find that there is lack of such intention and therefore no crime, you should then acquit the defendants."

Ground 12 contains a similar request to charge that the defendants would not be guilty if they simply drifted into the inside waters. The request in ground 13 refers to lack of intention in case the defendants crossed the line through inadvertence "with no intention of fishing deeply into the sound."

The intent referred to in Code § 26-201 is intent to do a specific act in violation of law, rather than an intent to violate the law itself, or an intent to violate it in one degree but not in another degree. The evidence here authorized the jury to find that the defendants Balark, White and Frazier were actually over the line that divided the outside waters from the inside waters and that at the time they were in the inside waters they were operating their power-driven craft with their nets in fishing position. The evidence authorized the jury to find that these defendants intended to commit these acts. These acts are in violation of Code § 45-512. In *Aetna Life Insurance Co.* v. *Carroll*, 169 *Ga.* 333, at page 343 (150 S. E. 208), it is held that "The conscious and intentional violation of a penal statute which constitutes wilful misconduct of the employee, is the conscious or intentional doing of an act which violates the statute, though he be not thinking of breaking it."

The charges were not adjusted to the issues of the case and for that reason were properly refused by the trial court. See *Ward* v. *State*, 199 *Ga.* 203 (2) (33 S. E. 2d, 689). The court did charge that, "Mere presence at the time and place that the crime is committed is of course wholly insufficient of itself to show active participation in the crime." This, together with other charges on this subject, fully and fairly covered the element of intent. Special grounds 6, 12 and 13 are therefore without merit.

■ Special ground 16 complains of the refusal of the following request to charge: "You must look into all the circumstances surrounding this incident and determine from such circumstances if the defendants had any intention to violate the law." Code §§ 26-201 and 26-202 are cited as authority for this request. Assuming, but not deciding, that this charge was properly adjusted to the issues of the case, these sections were charged in the exact language of the Code, and covered the subject matter of this request. A written request to charge may be

refused where it has been covered by the general charge. *Loeb v. State,* 6 *Ga. App.* 23 (3) (64 S. E. 338) ; The trial court is not compelled to adopt the precise language of counsel contained in the request if the charge given sufficiently covers the principles of law involved. *Smith v Wolf,* 50 *Ga. App.* 19 (176 S. E. 889). It is not error, even with request, to fail to charge that "In the commission of a crime or misdemeanor there must be a union or joint act and intention or criminal negligence" where the court charges fully on the essential elements of the crime with which the defendant is charged. *Bennett v. State,* 49 *Ga. App.* 804 (176 S. E. 148). Special ground 16 of the amended motions for new trials is therefore without merit.

Grounds 7, 8, 9 and 15 are requests to charge on the condition of the bottom over which the defendants were accused of drawing their nets. Ground 7 contained the following request: "If you shall find that the inside waters west of the dividing line of Ossabaw Sound contain on the bottom thereof mud and silt, which would break up the fishermen's nets, you may consider such evidence in determining whether or not it was practical to fish inside and you may therefore in your province as jurors, if you see fit, determine that the defendants would not fish inside in view of such impractical circumstances." Ground 8 assumes that the waters are muddy and silty. Ground 9 contains an expression of opinion that the defendants' statements are plausible. Ground 15 contains an assumption that there is no point in large vessels entering the prohibited area. All these requests, had they been given by the court, would have pointed out specific evidence on behalf of the defendant for the jury to consider in reaching a verdict. Construing the charge of the court as a whole, it was made clear to the jury that the defendants were presumed to be innocent until the evidence showed them to be guilty beyond a reasonable doubt; that the jurors were the judges of both the law and the facts; that they were to take the law as given them in charge by the court and the facts from the witnesses who testified and from such evidence as was introduced and admitted and from the statements of the defendants. From the charge as a whole it was made clear to the jury that they were to consider all of the evidence. It was therefore not incumbent upon the trial

judge, even after request, to specifically point out particular evidence in behalf of the defendants which the jury should specially consider. As was stated in *Lewis* v *State*, 196 *Ga*. 755 (27 S. E. 2d, 659): "A request to charge the jury must be correct and even perfect; otherwise refusal to give it is not error. It must be legal, apt, and precisely adjusted to some principle involved in the case, and be authorized by the evidence." The imperfection inherent in the argumentative character of these requests, which are more adjusted to the exhortation of counsel than to the impartial clarity which should characterize the instructions of the court, is sufficient reason for their refusal. Special grounds 7, 8, 9 and 15 of the amended motions for new trials are without merit.

The request set forth in special ground 10 was in effect that the jury might believe the testimony of a designated witness for the defendant rather than testimony contradictory thereto if offered by the State. Ground 11 is in the following language: "Bear in mind that Ossabaw Sound is about 3 miles wide and about as deep into the shore as it is wide. You should understand that essentially the law is to protect against fishing within this large expanse of water and you could take into consideration the fact, if you so find it, that the defendants were fishing outside primarily and not fishing inside primarily." Ground 14 would have had the court charge the jury that, in passing on the guilt or innocence of the defendants, they should consider whether or not sport fishermen were being "picked up" by the State as well as commercial fishermen. The singling out of two witnesses with instruction that he who testified for the defendant may be believed in preference to him who testified for the State is obviously argumentative, as it would be if stated the other way around. The weight and credibility to be given the testimony of witnesses in cases of conflict in their testimony is always for the jury. It is also not a proper issue in these cases as to where the defendants were fishing "primarily." Nor is it a good defense that others have violated the same law and been permitted to go unmolested. In *McCurdy* v. *Terry*, 33 *Ga*. 49 (8) it is held that "The refusal to charge what is not law, is no ground for a new trial." The assignments of error contained in special grounds 10, 11 and 14 are without merit.

■ Special ground 17 includes all the grounds contained in special grounds 6-16 inclusive, and since those grounds show no cause for reversal of these cases, special ground 17 is likewise without merit.

■ The undisputed testimony shows that the State's witnesses determined the line dividing the outside waters from the prohibited area of the sound by sighting between the range (the two targets placed one behind the other on Ossabaw Island) and the buoy some distance away; that actually this projection was about 220 feet out of line, and that, considering the distance and ordinary difficulty of visibility of such objects on or close to the water, the eye could not establish the line with absolute certainty. As to the defendants Balark, Frazier and White, the testimony of the three witnesses for the State places their boats far enough within this imaginary line to have authorized the jury to find that they were fishing in the prohibited area. As to Rowe, however, one witness does not include him at all, and the two other witnesses place him "approximately on the line but with his net still on the inside." Considering the distances involved, the angles of observation, and the fact that a previous effort to line up the two targets with the buoy, at the time they were first placed, was in error by a distance of 220 feet, and that it was this line rather than the true line which Rowe was "approximately on," we do not find competent evidence in the record sufficient to convict the defendant Rowe. The judgment as to him is therefore reversed on the general grounds.

*Judgment affirmed as to cases* 33006, 33007 *and* 33009, *and reversed as to the defendant Rowe, case No.* 33008. *MacIntyre, P.J., and Gardner, J., concur.*