33823.   BIENERT *v.* THE STATE.

DECIDED JANUARY 24, 1952—REHEARING DENIED FEBRUARY 19, 1952.

*Wallace Miller Jr., Miller, Miller & Miller,* for plaintiff in error.

*O. L. Long, Solicitor,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ It is contended by the plaintiff in error that the accusation here is fatally defective in that it does not negative all of the lawful ways under which the defendant might have sold the liquor in question, under the authority of *Capitol Distributing Co.* v. *State,* 83 *Ga. App.* 303 (63 S. E. 2d, 451). It is contended by the defendant in error that the accusation has been previously held by the court to be sufficient, and that this has become the law of the case, in *Bienert* v. *State,* supra. The two accusations, although identical, represent two different cases. However, the accusation in the *Bienert* case specifically charges a violation of Code (Ann. Supp.) § 58-1025, in that it charges the defendant, as general manager of a liquor company holding a wholesaler's license, with a sale to one not the holder of either a wholesale or retail liquor license, these being the only two licensees, under said Code section, to whom a wholesaler may lawfully sell. The *Capitol Distributing Co.* case, on the contrary, while alleging that the defendants were not the holders of retailers' licenses, failed to allege what license, if any, the defendants held, for which reason the indictment was held to be ambiguous, since it was impossible to say with any certainty whether the State intended to charge violations of wholesalers' licenses, violations of licenses to manufacture, or sales without licenses of any kind.

The headnote of that case states as follows: "An indictment based on Chapter 58-10 of the Code Supplement . . in which it is attempted to charge the unlawful sales of spirituous liquors in a wet county must either specifically charge the unlawful manner in which the sale was made or it must negative all methods by which such sales may be legally consummated." The accusation here, and in *Bienert* v. *State,* supra, specifically charges the unlawful manner in which the sale was made by charging a violation of Code (Ann. Supp.) § 58-1025, while in *Capitol Distributing Co.* v. *State,* supra, the indictment neither "specifically charged the unlawful manner in which the sales were made, nor did it negative all legal methods by which they could have been consummated." The accusation here is accordingly sufficient to withstand the motion to quash directed against it.

■ It is contended in the first ground of the amended motion for a new trial that a charge that "The law presumes that every act which is itself unlawful was criminally intended unless and until the contrary is made to appear" is not applicable in cases such as illegal sales of liquor, which are not malum in se but only malum prohibitum. The excerpt of the charge is complained of as error because the defendant contends that the evidence demands a finding that the purchaser of the whisky, who was an agent of the State Revenue Department, represented himself to be an agent of the V. F. W. Club of Laurens County, which organization the defendant believed to be the holder of a "Federal permit" (by which the defendant apparently was referring to the Federal occupation tax levied against retail dealers in liquor, U. S. C. A., Tit. 26, Sec. 3250 (b) ) and as such entitled to purchase whisky. The defendant was the manager of Dodd Distributing Company, a licensed wholesale liquor dealer, and as such authorized to sell whisky at wholesale only to the holders of either wholesale or retail liquor licenses. One upon whom the Federal occupation tax for retailing liquor is levied may or may not be the holder of such licenses. It follows, therefore, that under Code (Ann. Supp.) § 58-1025, if the purchaser, although the holder of a "Federal permit", was not the holder of a wholesale license and was not the holder of a retail license, the sale would be illegal. Ignorance of the law is not an excuse for its violation. *Coleman* v. *City of Griffin,* 55 *Ga. App.* 123

(189 S. E. 427); *Ware* v. *State,* 6 *Ga. App.* 578 (65 S. E. 333). It is not contended by the defendant that he did not intend to commit the act of selling to a person who was not the holder of a proper State license and who did not represent the holder of a proper license. He contends that he intended to commit the act, but that he did not know it to be unlawful. The principle upon which the excerpt complained of is based may be found in *Lawrence* v. *State,* 68 *Ga.* 289. It has been applied to statutory misdemeanors not malum in se. *Balark* v. *State,* 81 *Ga. App.* 649 (1a) (59 S. E. 2d, 524). See also *Herbert* v. *State,* 45 *Ga. App.* 340 (164 S. E. 452); *Frazier* v. *State,* 27 *Ga. App.* 261 (107 S. E. 896); *Biddy* v. *State,* 22 *Ga. App.* 784 (97 S. E. 196). This ground is without merit.

■ Special grounds 3 through 17 complain of errors in the charge of the court and failures to charge as requested in relation to the principal defense, that of entrapment. Taking the evidence and the defendant's statement in its light most favorable to the defendant for the purpose of considering whether any errors in the charge on entrapment, if made, would have required a reversal of this case, it appears that a request was made by the Retail Whisky Dealers' Association to the Alcohol Control Unit in connection with alleged price violation; that pursuant thereto an employee of the Alcohol Control Unit of the State Revenue Department went to Macon and, after conferring with the attorney for the Retail Whisky Dealers' Association and learning that the defendant or his company was suspected of making sales to persons not regularly licensed by the State, he went to the offices of Dodd Distributing Company, arriving just a few minutes before closing time on the Saturday noon preceding the long Fourth of July weekend; that he represented himself to be the agent of the V. F. W. Club of Laurens County, holder of a "Federal permit" and that he needed a case of whisky for the club's Fourth of July celebration; that the defendant at first refused to sell him the whisky but later reconsidered and sold him one case; that he did not make any inquiry whatever as to whether either the witness or his club was a holder of either a wholesale or a retail license. The evidence further showed that the company of which the defendant was general manager made large and regular sales to persons in dry counties, some of whom

were identified by witnesses as being bootleggers. It is not contended that the defendant was under the impression, when he made the sale, that the purchaser or the club he purported to represent did hold any State license which would have made the sale legal.

In *Sutton* v. *State*, 59 *Ga. App.* 198 (1, 2, 3,) (200 S. E. 225) it is held as follows: "The discovery of crime and the procurement of evidence by deception are not prohibited. A trap may be set. It is no 'entrapment' to commit a crime where the officer merely furnishes an opportunity to a criminal who is ready to commit an offense. 'Entrapment' exists where the idea and intention of the commission of a crime originates with an officer of the State, and he, by undue persuasion, incitement, and deceitful means, induces the defendant to commit an act (in violation of the literal terms of the prohibition law) which the defendant would not have committed except for the conduct of such officer." Where one is suspected of being a violator of the law, a trap may be set, and the suspected person given such opportunity to violate the law as would be usual and ordinary under the circumstances. U. S. *v.* Wray, 8 Fed. 2d, 429; *Dalton* v. *State*, 113 *Ga.* 1037 (39 S. E. 468).

Thus, where an intention to commit a crime originates with the accused, or where, in the case of law violations of the same kind, the accused is suspected of carrying on a series of like offenses, it is permissible to set a trap by offering the suspected person an "opportunity to transgress", the prohibition being imposed, however, that the temptation must not be extraordinary or the persuasion undue so that the defendant, by reason of the excessive reward offered, or perhaps by strong appeal to humanitarian or other motives, is compelled to do an act which he would not otherwise have done. Under these circumstances the defense of entrapment is good and a conviction unauthorized. But where, on the contrary "the officer merely furnishes an opportunity to one who is ready to commit an offense," it does not constitute an entrapment. It does not appear here that any excessive temptation or persuasion of the type contemplated was offered. The price received was the regular wholesale price for the liquor involved. In fact, the only persuasion involved, and this is denied by the witness and appears only in the statement

of the defendant, was that the liquor was to be used for· a Fourth of July celebration by a club known to the defendant, and that it ·would be too late to purchase the liquor elsewhere, at wholesale prices. It does not appear that this argument, addressed to one engaged exclusively in the purchase and sale of wholesale liquor, would be undue, unusual or excessive. Accordingly, the version of the evidence most favorable to the defendant fails to meet the requirements of the defense of entrapment.

■ Since the defendant's main defenses, namely, that he did not intend to violate the law by making the sale under investigation, which he thought was to the holder of a "Federal permit" and therefore legal, and that he was entrapped, are held herein not to constitute good defenses in law under the evidence of this case, and since the defendant admitted the sale under consideration, a verdict of guilty was demanded. For this reason the remaining grounds of the amended motion for a new trial are not considered, as they would at most constitute harmless error. *Miller* v. *State*, 69 *Ga. App.* 847 (2) (26 S. E. 2d, 851) ; *Davis* v. *State*, 77 *Ga. App.* 541 (49 S. E. 2d, 173) ; *Hagar* v. *State*, 71 *Ga.* 164, 167.

The trial court did not err in overruling the demurrers to the accusation or in overruling the motion for a new trial as amended.

*Judgment affirmed. Gardner, J., concurs. MacIntyre, P. J., concurs specially.*

MacIntyre, P. J., concurring specially. Under the Alcohol Control Act there are only three kinds of licenses issued by the State and each limits the authority of the holder thereof and in the absence of one of these licenses a person cannot sell a prohibited liquor even in a wet county. The three kinds of licenses are: (1) a manufacturer or distiller is authorized to sell to another manufacturer or distiller only in bulk and he can sell to a licensed wholesaler in sealed containers (Code, Ann. Supp., § 58-1024) ; (2) the holder of a wholesale license is authorized to sell to another licensed wholesaler and to a licensed retailer for purposes of resale (Code, Ann. Supp., § 58-1025) ; (3) the holder of a retail license is authorized to sell to consumers in certain amounts in unbroken packages (Code, Ann. Supp., § 58-1026). The distinction between the indictment in the

present case and the indictment in the case of *Capitol Distributing Co.* v. *State*, 83 *Ga. App.* 303 (63 S. E. 2d, 451), is that here the indictment alleged a specific violation of Code (Ann. Supp.), § 58-1025, but in the *Capitol Distributing Company* case the indictment alleged that the defendant was not the holder of a retail license and that the purchaser was not the holder of a wholesale or retail license. It did not charge that the defendant had no license of any kind, but simply charged that the defendant had a retail license, leaving it an open question whether he had a manufacturer's or a wholesaler's license. It then charged that the purchaser was not the holder of a wholesaler's or retailer's license, leaving it an open question whether he had a manufacturer's license. Thus in the *Capitol Distributing Company* case, the indictment undertook specifically to negative the fact that the accused had any of the three kinds of licenses provided by law as stated above, in the absence of which the defendant could not legally sell the prohibited liquor in question; and, having failed to negative the fact that the defendant had a manufacturer's license and that the purchaser had a manufacturer's license, the indictment was defective as being ambiguous, for a person with a manufacturer's license would legally sell to another person with a manufacturer's license.

Just a word as to one of the ways in which the pleadings may be drawn so as to present the issues to the jury in a clear and easily understood way in the case of a violation of our general prohibition law: The general prohibition law as contained in Code §§ 58-101, 58-202, et seq., generally known as the "bone dry" law, is of force and effect in every county of this State, except to the extent that the prohibited liquors have been legalized under the limitations and restrictions of statutes or of statutes and elections held in conformity with them in the individual counties. Under the bone dry law, prior to the Act of 1937-38 (Ga. L., Ex. Sess., 1937-38, p. 103), an indictment which alleged that the accused sold one of the prohibited liquors on a named date in a named county in Georgia was a good indictment and not subject to demurrer, but the Act of 1937-38, which act itself specifically states that it is amending the bone dry law, further states in Section 1 that "this act shall be known as the Revenue Tax Act to legalize and control alcoholic beverages

and liquors." In what counties is such amendatory act to legalize and control such beverages and liquors? I think in all counties of this State, both wet and dry and not in wet counties alone, for it legalizes and controls certain of such liquors in dry counties under certain restrictions and limitations; otherwise, one quart of such prohibited liquors could not be legally possessed in a dry county, even under the limitations and restrictions provided in such act. The passage of the act of 1937-38 amended the bone dry law and when it was thus amended it became one general law with many exceptions, and none of the exceptions come within the enacting clause of the general prohibition law as it existed prior to such amendment, but all such exceptions are placed in subsequent sections or subsequent statutes, separate from that of the enacting clause and need not be included in an accusatory pleading. When a person comes within an exception, it is a matter of defense. For "it is a long-established and well-settled rule that where the exception is placed in a section or statute separate from that of the enacting clause, it is a matter of defense and need not be noticed in the accusatory pleading." 153 A. L. R. 1292. In this annotation just cited, the annotator cites many of the cases from the Supreme Court of this State and from this court in support of the rule quoted, among which is *Williams* v. *State,* 89 *Ga.* 483 (15 S. E. 552), which is strikingly in support of this rule. See concurring opinion of this writer in *Capitol Distributing Co.* v. *State,* supra, and *Colbert* v. *State,* 80 *Ga. App.* 641 (56 S. E. 2d, 830); and particularly *Bienert* v. *State,* 82 *Ga. App.* 179 (60 S. E. 2d, 575). Therefore, in the present case if the indictment had alleged after the formal parts thereof that the said Frank Bienert on a date named in a named county in Georgia did sell a named prohibited liquor, it would not be subject to demurrer. Such an accustory pleading (indictment), coupled with a plea of not guilty, would have been sufficient pleading upon which to try such a case. If the defendant did not sell the prohibited liquors, he could prove it and the case would be disposed of. If he did sell such liquors, he could say he sold them but that he sold them under an exception to the bone dry law that allowed him so to do and on proof that he came within such exception, the case would be disposed of. If this is a legal way to dispose of such a case, and I am firmly

convinced it is, much excess and superfluity of pleading would be dispensed with, and the jury would more easily and clearly understand the issues involved.