33696. CLEMENTS *v.* STATE OF GEORGIA *et al.*

DECIDED MARCH 12, 1952.

*J. Connie Covington,* for plaintiff in error.

*Paul Webb, Solicitor-General, Loy W. Milam, William Hall, C. O. Murphy,* contra.

TOWNSEND, J. (After stating the foregoing facts.) This proceeding is based on Code § 58-207, which is a part of the "bone dry" law of Georgia as subsequently amended and is a part of Chapter 58-2 of the Code. Code (Ann. Supp.) § 58-306, which is a part of the act of 1937 to legalize and control alcoholic beverages and liquors (Ga. L. 1937-38, p. 103), provides as follows: "Nothing in Chapters 58-1, 58-2 and 58-3 of this Code shall apply in those counties in which a majority of those voting at an election held for the purpose vote in favor of the taxing and legalizing and controlling of alcoholic beverages and liquors as provided in Chapter 58-10." See also, to the same effect, Code (Ann. Supp.), §§ 58-124, 58-1078.

Since Fulton County is a wet county, and since Chapter 58-2 of the Code, which includes Code § 58-207 under which the State is proceeding here, is not applicable in wet counties, the trial court erred in overruling the demurrer of the defendant. The only authority of law for the condemnation of a vehicle used in connection with the transportation of alcoholic beverages in a wet county in this State appears in Code (Ann. Supp.) §§ 58-1020 and 58-1021, which provide as follows: "It shall constitute a misdemeanor for any private, contract or common carrier to transport any alcoholic beverages or liquors intended for sale in this State except for delivery to a State warehouse provided for in this section, unless the tax on such alcoholic beverages or

liquors has been paid and the evidence thereof attached to the container as provided herein." § 58-1020. "Any vehicle so used, with the knowledge and consent of its owner, shall be subject to confiscation upon declaration being filed for the purpose by any solicitor of any city court, or solicitor general, in this State, having jurisdiction thereof; under the rules of law now governing the confiscation and condemnation of vehicles used in transporting liquors: Provided, however, it shall be lawful for bona fide claimants of such vehicles to file claim and replevy such property pending condemnation proceedings." § 58-1021.

From this it appears that the State can proceed in a wet county only against private, contract, and common carriers, and then only for the transportation of non-tax-paid liquor to some point other than to a warehouse, when condemnation is sought under the provisions of Code (Ann. Supp.) §§ 58-1020, 58-1021. The only application that Code § 58-207 has in a wet county is to fix the court procedure. According to the allegations of the petition here, the whisky was tax-paid, and it was being transported in a wet county. While it is alleged that it was being transported for the purpose of sale on Sunday, such transportation and such possession is not a violation of law in a wet county. Had the sale been consummated on Sunday, that would have constituted a violation. The petition also alleges that the possession of the defendant was for the purpose of sale, he not being the holder of a retail liquor license. Had such sale been consummated on any day, it would have constituted a violation. It follows, therefore, that, even could it be held that the condemnation of a vehicle for violation of law (such vehicle not being operated by a carrier and not possessing non-tax-paid whisky) is authorized in a wet county—which is not within the purview of legal possibility—there is here no violation of law alleged against this defendant.

While the act of 1938, supra, to legalize and control alcoholic beverages and liquors, is an amendment to the "bone dry" law (Chapters 58-1, 58-2 and 58-3 of the Code) and while the original "bone dry" law remains applicable except where changed by this amendment (Code, Ann. Supp., § 58-1078), nevertheless, Chapters 58-1, 58-2 and 58-3 are not retained in a wet county as hereinbefore pointed out. (See Code, Ann. Supp., §§ 58-124, 58-

306, 58-1078). The "bone dry" law is therefore not applicable in such counties. See *Capitol Distributing Co.* v. *State*, 83 *Ga. App.* 303 (63 S. E. 2d, 451); *Bienert* v. *State*, 85 *Ga. App.* 451 (69 S. E. 2d, 300). Since the Superior Court of Fulton County is without jurisdiction to condemn the automobile under the petition brought for this purpose, the trial court erred in overruling the general demurrer to the petition as amended, which error renders all further proceedings nugatory.

The case of *Equitable Credit Corp.* v. *State*, 85 *Ga. App.* 552 is distinguishable in that there no demurrer was filed to the petition, and the allegations were sufficiently broad to bring the issues under the provisions of Code (Ann. Supp.) § 58-1021. The whisky found in the vehicle in that case was, according to the undisputed evidence, non-tax-paid, and, under the assignment of error therein, the only issue presented to this court on appeal was the authority of the trial court to vacate, set aside, or modify an order within the term at which it was issued.

*Judgment reversed. Carlisle, J., concurs. Gardner, P. J., concurs in the judgment.*