43373, 43374.   BUSH v. THE STATE (two cases).

EBERHARDT, Judge. 1. Where, because of inability of the jury to agree upon a verdict, a mistrial was declared by the court, and at a subsequent term the defendant was again put on trial under the same indictment, a plea of former jeopardy

was properly overruled. *Williford v. State,* 23 Ga. 1; *Nolan v. State,* 55 Ga. 521, 524 (21 AR 281); *Watkins v. State,* 60 Ga. 601; *Lovett v. State,* 80 Ga. 255 (4 SE 912); *Stocks v. State,* 91 Ga. 831 (18 SE 847); *Hyde v. State,* 196 Ga. 475 (26 SE2d 744).

2. Enumerations of error 2 through 12, inclusive, and 15 and 16 all deal with objections made to the questioning of a witness by the court relative to a photograph which the witness had identified as showing the rear of the building that the defenddant was charged with having burglarized. The court asked whether the photograph was a true and correct portrayal, and the witness answered that it was, except that it also showed the presence of an individual and some parked automobiles which had nothing to do with the event. The court admitted the photograph, tendered by the State, and instructed the jury to disregard the presence therein of the individual and the cars.

Defendant contended that this questioning of the witness by the court was calculated to give the jury an impression that the court was assisting the State and that the court had some opinion as to the defendant's guilt. A motion for mistrial on this ground was denied. There was a similar motion and denial because the court instructed counsel for the defendant that he must be specific in his questions to witnesses, and that the court was hasty in overruling numerous objections which defendant interposed.

We find no error in the conduct of the court in any particular referred to in the several enumerations of error. They are without merit.

3. A witness for the State testified that he was a stockholder in the McCrory Corporation, which was alleged in the indictment to have been the owner of the business at the location which the defendant was charged with burglarizing. On cross examination he asserted that he knew of the corporate existence of the company by his stock certificates, but admitted that he had never seen the charter and was not present when it was incorporated, and thus had no personal knowledge of that. There was no error in overruling a motion to exclude the testimony of the witness "that he is a stockholder in McCrory Corporation." Though he may not have been present at the time of the granting of the charter and may never have seen it, that he holds stock certificates issued by the company to him and he is thus a stockholder is a fact within his knowledge.

312

Moreover, an allegation in the indictment that the owner of the business was a corporation was surplusage which need not be proven. *Crawford v. State,* 68 Ga. 822; *Alsobrook v. State,* 126 Ga. 100, 102 (2) (54 SE 805); *Ager v. State,* 2 Ga. App. 158 (58 SE 374); *Moore v. State,* 25 Ga. App. 251 (2) (102 SE 916); *Moore v. State,* 30 Ga. App. 128 (2) (117 SE 472); *Douglas v. State,* 51 Ga. App. 141 (1) (179 SE 857); *King v. State,* 83 Ga. App. 175 (b) (63 SE2d 292). Enumeration of error 13 is without merit.

4. There was no error in overruling objections to questions propounded to a State's witness as to whether he had personal knowledge of an entry into the building after business hours on a specified date on the ground that the answer of the witness would be a mere conclusion unless it appeared that he was personally present at the time of the entry, when it appeared that the witness, in response to a telephone call received at this home, took burglary tools to the building, entered himself, seeing others in the process of opening the safe and that he saw the defendant in the place where the breaking of the safe was in progress. This is true although sustaining proof was made subsequently to the admission of the witness' answer that he had personal knowledge of the entry. *Parks v. State,* 203 Ga. 302, 309 (7) (46 SE2d 504); *Nowell v. State,* 18 Ga. App. 143 (2) (88 SE 909). Enumerations 14 and 15 are without merit.

5. There was sufficient evidence to authorize the jury to convict, and there was no error in refusing to direct a verdict of acquittal. Enumerations 17, 18 and 19 are without merit.

*Judgment affirmed. Felton, C. J., and Whitman, J., concur.*

SUBMITTED JANUARY 11, 1968—DECIDED FEBRUARY 5, 1968— REHEARING DENIED FEBRUARY 23, 1968—CERT. ■

*Dan Copland,* for appellant.

*W. B. Skipworth, Jr., Solicitor General, Frank K. Martin,* for appellee.