## Shannon v. Barrett

*James S. Kilpatrick, Jr.,* for plaintiffs.
*Lawrence E. Grant,* for defendants.

LIPPINCOTT, J., March 1, 1974.—May liability be imposed upon an attorney and his client for wrongfully filing a lis pendens against property owned by husband and wife, when the sole cause of action was against the husband? The case is apparently one of first impression.

William F. Barrett, by his attorney Alan B. Portnoff (defendants herein), originally sued William P. Shannon alone in assumpsit in Chester County (later transferred to Montgomery County) to enforce a written contract. Such action did not involve Mr. Shannon's wife, Sara Lane Shannon, nor did it concern real estate in any way. While the action was pending, on May 11, 1972, a separate praecipe for summons in equity was filed in Delaware County against William P. Shannon and Sara Lane Shannon (plaintiffs herein), and was directed by defendants to be indexed as a lis pendens against entireties real estate owned by plaintiffs. No notice was given to plaintiffs of this action, nor was the summons ever served or a complaint filed.

On June 30, 1972, plaintiffs learned for the first time of the lis pendens when they attended a settlement to convey their real estate. They immediately demanded that defendants remove the lis pendens, so that they could convey a marketable title, but defendants refused. As a result, the title company required plaintiffs to deposit $13,000 from the net proceeds of sale to insure removal of the lis pendens as an objection on the title report.

Defendants continued to refuse to remove the lis pendens in spite of written demand and plaintiffs were compelled to file a petition to strike off the lis pendens in this county returnable July 26, 1972. Defendants failed to file an answer and the lis pendens was not stricken until August 9, 1972. However, defendants still refused to authorize the title company to release the funds until October 1972.

Plaintiffs thereafter filed the present action for malicious use or abuse of process.* Defendants have filed preliminary objections in the nature of a demurrer, alleging only that "actions taken by a plaintiff and an attorney on his behalf incidental to a valid existing legal proceeding are absolutely privileged. . . ." Such objection, however, was neither in their brief nor orally argued; nor could it be. An attorney who knowingly prosecutes a groundless action to accomplish a malicious purpose of his client may be held accountable with the client in an action for malicious prosecution. See 54 C.J.S., 1034, §66; Adelman v. Rosenbaum, 133 Pa. Superior Ct. 386, 3 A.2d 15 (1938); Sachs v. Levy, 216 F. Supp. 44 (1963).

It is clear that filing the equity action against the wife-plaintiff and indexing the case as a lis pendens against entireties real estate were wrongful actions. Lis pendens has no application except in cases in-

---

* Plaintiffs' complaint does not specifically state whether the action is for malicious use or abuse of process. The equity action improperly naming the wife-plaintiff as a party and the improper certification that title to real estate is involved in indexing the action as a lis pendens seem to contain elements of both. However, the fine distinction between the two, dealt with to the point of exhaustion in numerous Pennsylvania cases, would appear to be immaterial here. In both types of action, there must be some interference with property. See Garland v. Wilson, 289 Pa. 272, 137 Atl. 266 (1927); Publix Drug Co. v. Breyer Ice Cream, 347 Pa. 346, 32 A. 2d 413 (1943).

volving the adjudication of rights in specific property; Paull v. Paull, 389 Pa. 16, 131 A.2d 599 (1957); Hambleton & Ezekiel v. Selden, 34 Del. 126 (1946); Rose Valley Borough v. Rose Valley Acres, 31 D. & C. 261 (1937).

Defendants contend in their brief that plaintiff's complaint fails to allege any seizure, disturbance or interference with their property. Accepting as true every properly pleaded allegation in the complaint, as we have in the above recital of facts (Balsbaugh v. Rowland, 447 Pa. 423, 290 A. 2d 85 (1972)), plaintiffs' complaint clearly states that their property rights were interfered with, since they were required to place $13,000 in escrow for five months and were thus deprived of its use. Furthermore, this court recognizes the obvious inference that the lis pendens created a cloud upon the title to plaintiffs' property necessitating the escrow. Therefore, even though plaintiffs have not used the words "seizure" or "interference," we find that the circumstances alleged are sufficient.

Defendants finally argue that the filing of a lis pendens does not, in fact, amount to a seizure or interference with property. It is true that the mere creation of a cloud upon title or a lien upon property is insufficient to constitute a seizure: Muldoon v. Rickey, 103 Pa. 110, 113 (1883); Baird v. Aluminum Seal Co., Inc., 250 F. 2d 595 (3rd Cir., 1957). However, the case before this court is to be distinguished when one looks to what occurred after the lis pendens was filed. When plaintiffs first became aware of the lis pendens at the real estate settlement, they immediately demanded in writing that it be removed, but defendants refused. They were compelled to file a petition to strike, which was delayed by defendants thereafter. Even after the rule to strike was made absolute, defendants refused to cooperate and the title company was unable to release the funds until October 1972.

These circumstances are sufficient for a jury to consider whether or not there was a seizure or interference with property. Our Superior Court in Adelman v. Rosenbaum, supra, held that loss of dominion over one's property due to a sheriff's levy, notwithstanding the fact that there was no sale or removal of goods, constituted an interference with property. In Schmick v. Northwestern Prod. Corp., 24 D. & C. 2d 542 (1961), defendant levied on property of plaintiff and was subsequently advised by plaintiff that he was not the judgment debtor. However, it was 18 days before defendant caused its levy to be released. In ruling that defendant's conduct did interfere with plaintiff's property, the court stated, at page 550:

"The reasonableness or unreasonableness of this delay, we believe, are matters for the jury to determine on the theory that even though the original levy may be excused, to continue a levy for an unreasonable length of time after being advised of the wrongfulness of it would constitute an abuse of process."

Most closely on point is Mina et ux. v. Melnick, 222 F. Supp. 92 (1963), wherein defendant filed two equity actions which clouded the titles to four of plaintiffs' properties. Defendant did this with the knowledge that plaintiffs were not indebted to him, since the judgments he held were against plaintiff's half-brother. Defendant, however, refused to discontinue the equity actions so as to permit sales of the properties until he had compelled plaintiffs to satisfy the brother-in-law's debt. The court, in upholding a verdict for plaintiffs, distinguished these circumstances from the principles set forth in Baird v. Aluminum Seal Co., Inc., supra, and Muldoon v. Rickey, supra, in that defendants' actions after the cloud on title was created constituted an actual interference with property.

For these reasons, we find that plaintiffs have stated a proper cause of action.

### ORDER

Now, March 1, 1974, it is ordered that defendants' preliminary objections in the nature of a demurrer are overruled.